Bentley L. MORRIS, Appellant,

v.

**MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS et al.,**
Appellees.

No. 16167.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 3, 1961.

Rumph & Ivy, and Robert L. Ivy, Fort Worth, for appellant.

Crowley, Wright, Miller & Garrett, William T. McGee and Kleber Miller, Fort Worth, for appellees.

RENFRO, Justice.

The appellant Morris appealed from a summary judgment in favor of the Millers Mutual Fire Insurance Company of Texas and G. W. Parker, Jr., which held that a release for personal injuries and property damages theretofore executed by appellant was valid and binding.

Appellant contends a fact issue was involved because at the time the release was executed (a) J. D. Strain was acting as an agent of Millers, (b) there was no consideration, or same was grossly inadequate, (c) the release was entered into by appellant because of mutual mistake and because of fraud on the part of Millers.

On March 20, 1959, appellant and Parker were involved in an automobile collision. Except for a brief conversation at the time of the collision, Parker and appellant had no further communications and entered into no negotiations. Parker carried liability insurance with Millers. Cole was a claims examiner and Hollabaugh was claims

adjuster for Millers. Morris carried $50 deductible collision insurance on his own automobile with Southern Insurance Company. Strain was a claims adjuster for Southern.

Hollabaugh took a written statement from Morris on March 24 and left it with his superior. He had no further connection with the claim.

The day following the accident, appellant told "my insurance man" (Strain) he did not think he was hurt. On the 24th he told Hollabaugh he was not hurt. By deposition he testified that he began hurting the day after the accident and went to a doctor for treatment about April 7.

Southern paid, except for $50, the repair bill on appellant's car. Southern called Cole concerning a settlement. Cole replied that Millers would compromise provided Morris gave a full release. Cole prepared the release and mailed it to Southern. Southern secured the signature of Morris and returned the release by mail. After receiving the release Cole mailed a check to Southern payable to Morris in the sum of $50.

The release was executed by Morris and wife on April 25. It provided, in part:

### "Release of All Claims

"For and in Consideration of the payment to me/us of the sum of Fifty Dollars ($50.00), and other good and valuable consideration, I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge G. W. Parker, Jr. and any and all other persons, firms and corporations of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 20 day of March 1959, at or near Fort Worth, Texas.

"I/we hereby declare and represent that the injuries sustained may be permanent and progressive and that recovery therefrom is uncertain and indefinite, * * *.

"I/we understand that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied."

The check payable to Katie Morris and Bentley L. Morris showed on its face it was "In full and final settlement of any and all claims arising out of accident occurring on or about March 20, 1959 at or near Fort Worth, Texas", and on the back thereof, immediately above the signatures of Morris and wife, appeared the following: "In consideration of the sum hereby paid, the claim or account shown on the reverse side of this instrument is fully settled, satisfied and released."

In regard to the execution of the release, Morris testified that Strain left word with Mrs. Morris for Mr. and Mrs. Morris to meet him to sign a paper to get their $50 back. He was asked, "He (Strain) was your insurance adjuster?" and answered, "That's right."

The Morrises met Strain at the Allied Finance Company. Morris did not read the release. He had ample opportunity to read it. Nobody prevented him from reading it. It was his own choice to sign without reading because he was of the opinion it was merely for the return of the $50, although he knew at the time he had sustained some injury. Strain did not tell him what the instrument was. Immediately above the signatures of the Morrises, with no intervening printed or written matter, appeared in large type the following: "Caution! Read Before Signing." When Morris re-

ceived the check a few days later, he did read the recitation on the face and the release on the back thereof.

No agent or representative of Millers or of Parker was present when the release was signed. No representatives of Millers or Parker or of Southern were present when Morris cashed the check.

█ The contention that Strain was Millers' agent is overruled. Morris did not plead or prove that Strain was Millers' agent. On the contrary he referred tó Strain several times in his deposition as "my insurance man" or "my insurance adjuster". Furthermore, he fell far short of proving or presenting a fact question as to any fraud or overreaching on the part of Strain even if Strain had been Millers' agent.

█ We also overrule the contention that the consideration for the release was inadequate.

At the time of the settlement, liability of Parker for the personal injuries and damages to Morris had not been established. Morris' claim was unliquidated.

In 13 Tex.Jur.2d, p. 181, sec. 48, it is stated: "As a general rule, mere inadequacy of the value of the consideration involved is not sufficient to invalidate a contract. In other words, consideration is ordinarily not insufficient simply because it is inadequate in a pecuniary sense. On the contrary, in the absence of fraud or overreaching the slightest consideration will be deemed to be sufficient. Thus, for example, if the consideration for the contract is sufficient to be deemed valuable, the courts will then not be concerned with the relative pecuniary values of the properties exchanged." In Great American Indemnity Co. v. Blakey, Tex.Civ.App., 107 S.W.2d 1002, it was held that the fact the consideration was small is no reason for setting it aside. The Supreme Court in Quebe v. Gulf, C. & S. F. Ry. Co., 98 Tex. 6, 81 S.W. 20, 22, 66 L.R.A. 734, held: "No circumstance of undue influence or overreaching

is shown. So far as appears, plaintiff acted freely and voluntarily in making the settlement. The consideration was a valuable and legal one, though small. Considering the fact that the matter settled was regarded by both parties as involving no large amount, it cannot be said that the smallness of the consideration, by itself, furnishes ground for disregarding the release."

█ In our opinion, the above case is determinative of the instant case. The facts, consisting mostly of Morris' testimony, failed to show any undue influence or overreaching by the appellees. Morris acted freely and voluntarily in making the settlement and received a valuable consideration.

The record does not support Morris' claim that the agreement was the result of mutual mistake and of fraud on the part of Millers. If there was any mistake it was, by his own testimony, his own, and he was not induced by any representation or act of appellees.

██ A mistake by only one party to the agreement where it is not induced by the acts of the other party will usually not constitute grounds for relief. 13 Tex.Jur. 2d, p. 480, sec 256; Wheeler v. Holloway, Tex.Com.App., 276 S.W. 653; Cole v. Kjellberg, Tex.Civ.App., 141 S.W. 120. Neither is the mere fact that Morris chose voluntarily not to read the release a good cause for avoiding its effect. Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686; Atkins v. Womble, Tex.Civ.App., 300 S.W. 2d 688.

Finally, there is absolutely no evidence showing or tending to show any fraud on the part of anyone in inducing Morris to accept and cash the check, which showed on its face it was in full settlement of any and all claims arising out of the accident. Applying the law as pronounced by the Supreme Court in Associated Employers Lloyds v. Howard, 156 Tex. 277, 294 S.W.2d 706, to the facts in the instant case, Morris had no valid reason for setting aside the release.

After a careful consideration of the pleadings, motions, affidavits and depositions, it is our opinion there was no ground, or fact question, upon which a cancellation of the release could be based.

The judgment of the trial court is affirmed.